THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION
IN ADMIRALTY
7:21-CV-00135-D

| | |
|---|---|
| KELLI S. BARNES AND CHRISTOPHER C. SMITH, ADMINISTRATORS OF THE ESTATE OF GARRETT SMITH, DECEASED,<br><br>Plaintiffs,<br><br>vs.<br><br>MATTHEW FERSTER, JUSTIN SPIVEY, TRAVIS REED SUGGS, AND PAMELA SUGGS,<br><br>Defendants. | **CONSENT ORDER GOVERNING PRODUCTION OF CONFIDENTIAL DOCUMENTS** |

Pursuant to FRCP 26, it is hereby stipulated and agreed by and among Plaintiffs Kelli S. Barnes and Christopher C. Smith, Administrators of the Estate of Garrett Smith, Deceased ("Plaintiffs"), Defendant Matthew Ferster ("Ferster"), and Defendant Justin Spivey ("Spivey"), (collectively the "Parties") by and through their undersigned counsel in the above-captioned matter, that the Parties produce certain confidential financial documents and information in this matter as follows:

1) **Discovery Material**. This Consent Order governs the production and handling of information contained in or derived from documents or testimony ("Discovery Material") disclosed by any party or third-party ("Disclosing Party") to any party or third-party ("Receiving Party").

2) **Confidential Discovery Material**. A Disclosing Party may designate as Confidential Discovery Material that counsel for the Disclosing Party, in good

faith, determines is protected from unprotected disclosure under Federal law, including information protected from public disclosure by statute, medical information, sensitive personal information, trade secrets, or confidential research, development, or commercial information. Discovery Material may be so designated by stamping "CONFIDENTIAL" on each page of each document or by using other procedures on which the parties later agree as confirmed in a written agreement signed by representatives of each party ("Confidential Discovery Material"). Confidential Discovery Material shall be stamped or marked in such a manner as not to obscure information contained within in.

3) **Copies**. All copies, duplicates, extracts, summaries, or description of Confidential Discovery Materials shall be designated "CONFIDENTIAL" by the copying party and shall be treated as Confidential Discovery Materials pursuant to the terms of this Order.

4) **Redactions**. Before producing Discovery Material, the Disclosing Party may redact privileged information, password information, social security numbers, or financial account numbers. The Disclosing Party shall produce a privilege log pursuant to Paragraph 14.

5) **Deposition Testimony**. All oral deposition testimony shall automatically be deemed Confidential and treated as such under this Order for thirty (30) days after counsel has received copies of the deposition transcript. Within thirty (30) days of receipt of the transcript – or on the record during the deposition – any party may designate specific portions of the testimony Confidential consistent with the provisions in Paragraph 2.

6) **<u>Limited Use of Confidential Discovery Material</u>**. Each Receiving Party shall (i) exercise due and proper care to protect the confidentiality of Confidential Discovery Material, and (ii) shall not directly or indirectly, transfer, disclose, reveal, or communicate in anyway any Confidential Discovery Material or information therein to any person other than those specified in this Paragraph 6, as ordered by the Court, or permitted in writing by the Disclosing Party. Subject to the provisions of this Order, counsel for any Receiving Party shall maintain a record of those persons, excluding employees of counsel, who have reviewed or been given access to Confidential Discovery Materials, along with the original executed copies of Exhibit A. A Receiving Party may disclose Confidential Discovery Materials to:

    a. The Court and its staff;

    b. The parties, counsel of record, their law firms, and their outside messenger, copy, coding, document collection, document processing, or other clerical service vendors not employed by a party or counsel of record;

    c. Persons shown on the face of the Confidential Discovery Material to have authored the document;

    d. Court reporters retained to transcribe testimony;

    e. The parties and employees of any party to this Order, but only to the extent the employee's assistance is necessary to prosecute or defend this litigation and the document is necessary for the employee to aid in this area of assistance, all of whom must sign Exhibit A;

f. Employees of any party's insurer, only if the employee is directly involved in the handling of claims at issue in this litigation, all of whom must sign Exhibit A;

g. Outside independent persons who are retained by a party to provide assistance as mock jurors or focus group members or the like, and experts or consultants retained to provide testimony or assist counsel of record, so long as such persons sign Exhibit A; and,

h. Other persons to whom the Disclosing Party has consented in writing.

7) **Filing of Confidential Materials**. In the event a party seeks to file any material that is subject to protection under this Order with the Court, that party shall take appropriate action to insure that the documents receive proper protection from public disclosures including (1) filing a redacted document with the consent of the party who designated the document as confidential; (2) where appropriate submitting the documents solely for *in camera* review; or (3) where the preceding measures are not adequate, seeking permission to file the document under seal pursuant to the procedural steps set forth in any applicable local rules, or such other rules or procedure as may apply in the relevant jurisdiction. Absent extraordinary circumstances making prior consultation impractical or inappropriate, the party seeking to submit the document to the Court shall first consult with counsel for the party who designated the document as confidential to determine if some measure less restrictive than filing the document under seal may serve to provide adequate

protection. This duty exists irrespective of the duty to consult on the underlying motion.

Before filing any information that has been designated "CONFIDENTIAL INFORMATION" with the Court, or any pleadings, motions or other papers that disclose any such information, counsel shall confer with counsel for the party that produced the information so designated about how it should be filed. If the party that produced the information so designated desires that the materials be filed under seal, then the filing party shall file the materials in accordance with Local Civil Rule 79.2, EDNC, with notice served upon the producing party. The filing of the materials under seal shall not be binding on the Court, however. Within ten (10) days of service of such notice, the party desiring that the materials be maintained under seal shall file with the Court a Motion to Seal and supporting memorandum of law specifying the interests which would be served by restricting public access to the information. The party that initially filed the materials need not file any such Motion to Seal or otherwise defend another party's desire that the materials remain sealed. The Court will grant the Motion to Seal only after providing adequate notice to the public and opportunity for interested parties to object, after carefully weighing the interests advanced by the movant and those interests favoring public access to judicial documents and records, and upon finding that the interests advanced by the movant override any common law or constitutional right of public access which may attach to the information. Documents submitted under seal in accordance with this paragraph will remain under seal pending the Court's ruling. If the party desiring that the

information be maintained under seal does not timely file a Motion to Seal, then the materials will be deemed unsealed, without need for order of the Court.

8) **Restricted Access to Designated Discovery Material**. Unless ordered by the Court, persons not entitled to access Confidential Discovery Material under Paragraph 6 shall not be present when Confidential Discovery Material is offered as an exhibit, quoted, or referenced in a deposition, hearing, trial, or other proceeding.

9) **Greater Protection of Specific Documents**. No party may withhold information from discovery on the ground that it requires protection greater than that afforded by this Order. However, nothing in this Order precludes a party from seeking additional protection by agreement or Order.

10) **Objections to Designations**. A party may, at any time, object to the designation of Discovery Material as Confidential by notifying the Disclosing Party in writing. The parties must then meet and confer regarding the Confidentiality of the disputed Discovery Material. In the event agreement cannot be reached, the challenging party shall apply for an appropriate ruling from the Court. The party seeking to maintain the Discovery Materials as Confidential generally will bear the burden of proof as to such designation. The Discovery Materials designated as Confidential shall continue to be treated as such pending determination by the Court of the merits of any such challenge. If the Court upholds such a challenge and enters an order that particular Discovery Materials are not entitled to the Confidential designation, the Discovery Materials shall nevertheless continue to be treated as

Confidential, as applicable, and subject to the terms of this Consent Order Governing Production of Confidential Documents, for twenty (20) days following the entry of such order to enable the Disclosing Party to seek review and a stay of such order.

11) **<u>Subpoena of Confidential Discovery Material</u>**. Nothing in this Order shall prevent the parties from responding to a validly issued subpoena or order from a court of competent jurisdiction that seeks disclosure of Confidential Discovery Material. The party responding to a subpoena or order must, at least five (5) business days before responding to the subpoena or order, provide written notice to the Disclosing Party. The person or entity issuing the subpoena must sign an affidavit in the form of Exhibit A, attached hereto and incorporated herein, before any Confidential Discovery Material can be disclosed.

12) **<u>Third-Party Productions</u>**. Third parties producing documents in this action may also designate Discovery Material as Confidential subject to the same protections and constraints as the parties to the action. A copy of this Order shall be served with any subpoena served in this action. All documents produced by third parties shall be treated as Confidential for a period of fourteen (14) days from the date of their production, and during that period any party may designate such documents and/or material as Confidential pursuant to this Order.

13) **<u>Failures to Designate</u>**. Confidential Discovery Material produced without a Confidential designation may be designated Confidential as soon as reasonably possible after the Disclosing Party becomes aware of the disclosure and shall thereafter be treated as Confidential, as applicable, by all to whom they have

been produced. The Disclosing Party shall reproduce the document with the correct Confidentiality marking as soon as practicable. The Receiving Party may object to any such designation and challenge the designation using the procedures stated in Paragraph 10, above. A party's failure to designate Discovery Material as Confidential shall not waive a claim of Confidentiality, either as to the specific Discovery Material or as to any related Documents.

14) **Non-Waiver**. The production of privileged or work-product protected documents, electronically stored information ("ESI"), or any other information, whether inadvertent or otherwise, is not a waiver of the privilege or protection from discovery in this case or in any other state or federal proceeding.

15) **Privilege Assertion**. The parties shall generate a listing of all information and documents withheld or redacted on the basis of privilege or work product in electronic spreadsheet format in compliance with FRCP 26(b)(5). To limit the cost of a privilege review and make document production more efficient, the Parties agree that a privilege log need not include (1) communications between a party and its outside counsel following the filing of this lawsuit, or (2) redacted documents if the information that would appear on a privilege log is noted on the face of the document and the bibliographic information is not redacted or such information is contained in produced metadata.

16) **Document Stamping**. Each page of a produced document will have a legible, unique page identifier ("Bates Number") electronically "burned" onto the image at a location that does not conceal or interfere with any information from the

source document. The Bates Number for each page of each document shall also identify the Disclosing Party. In the case of materials redacted or deemed confidential, a redaction or confidentiality designation may be "burned" onto the document's image. The confidentiality designation will be burned onto the document at allocation that does not obliterate, conceal, or interfere with any information from the source document.

17) **Production Format**. All non-redacted versions of Excel spreadsheets (or similar spreadsheets created using a different software program) and Power Point presentations ( or similar documents created using a different software program) will be produced in native format. All other documents will be produced in either of the following formats: (1) as single-page TIFF images with corresponding multi-page text, or in native file format if applicable, and necessary load files, including an image load file as well as a metadata (.dat) file with the metadata fields identified in Paragraph 17 on the document level to the extent available, or (2) in unitized PDF files separated on the document level (one document per PDF file) with family relationships preserved and apparent.

18) **Order Subject to Modification**. This Order shall be subject to modification on the motion of any party or any other person who may show an adequate interest in the matter to intervene for purposes of addressing the scope and terms of this Order. The Order shall not, however, be modified until the parties shall have been given notice and an opportunity to be heard on the proposed modification.

19) **Persons Bound**. This Order shall take effect when entered and shall be binding upon: (1) counsel who signed below and their respective law firms; and (2) their respective clients.

This Court shall retain jurisdiction after determination of this action over the parties and their attorneys, agents and employees and over all those to whom disclosure of any documents and information produced in this matter is made, for the purpose of enforcing the terms of this order and/or addressing any violation thereof.

Stipulated and Agreed To, this the 2nd day of March 2022.

/s/ Corey T. Zurbuch
Corey T. Zurbuch, N.C. Bar No. 48592
George A. Rountree, III, N.C. Bar No. 3784
Geoffrey A. Losee, N.C. Bar No. 21185
Rountree Losee LLP
2419 Market Street
Wilmington, NC 28403
coreyz@rountreelosee.com
grountree@rountreelosee.com
glosee@rountreelosee.com
*Local Rule 83.1 (d) Counsel for Plaintiffs*

/s/ Stephen C. Baynard
Stephen C. Baynard, N.C. Bar No. 19814
Ennis Baynard Morton Medlin & Brown, P.A.
PO Drawer 1327
Wrightsville Beach, NC 28480
sbaynard@ennis-baynard.com

*Attorneys for Defendant Matthew Ferster*

/s/ Fred H. Oliver
Fred H. Oliver, S.C. Bar No. 100969
The Derrick Law Firm
P.O. Box 28
Conway, SC 28528
*Admitted Pro Hac Vice*
*Attorneys for Plaintiffs*

/s/ Andrew Hanley
Andrew Hanley, N.C. Bar No. 23738
Crossley, McIntosh, Collier, Hanley & Edes, PLLC
5002 Randall Parkway
Wilmington, NC 28403
andrewh@cmclawfirm.com
*Attorneys for Defendant Justin Spivey*

Approved and SO ORDERED,

Dated: March 11, 2022

_Robert T. Numbers II_
Robert T. Numbers, II
United States Magistrate Judge

THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION
IN ADMIRALTY
7:21-CV-00135-D

| | |
|---|---|
| KELLI S. BARNES AND CHRISTOPHER C. SMITH, ADMINISTRATORS OF THE ESTATE OF GARRETT SMITH, DECEASED,<br><br>      Plaintiffs,<br><br>vs.<br><br>MATTHEW FERSTER, JUSTIN SPIVEY, TRAVIS REED SUGGS, AND PAMELA SUGGS,<br><br>      Defendants. | **EXHIBIT A<br>TO CONSENT ORDER<br>GOVERNING PRODUCTION OF<br>CONFIDENTIAL DOCUMENTS** |

  The undersigned hereby acknowledges that he or she has read the Consent Order Governing Production of Confidential Documents (the "Order") dated _____ in the above captioned action, understands the terms thereof, and agrees to be bound by such terms. The undersigned submits to the jurisdiction of this Court in matters relating to the Order and understands that the terms of the Order obligate him/her to use discovery materials designated CONFIDENTIAL solely for the purposes of the above-captioned action, and not to disclose any such confidential information to any other person, firm or concern.

  The undersigned acknowledges that violation of the Order may result in judicially-imposed penalties, including contempt of court.

Name:              Signature:_____
Job Title:
Employer:             Date:_____
Business Address: